UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: ) | |
| ) | Case No. 16-16170 |
| FYNDA FILLIE-FABOE ) | Chapter 13 |
| ) | |
| Debtor ) | |

### MOTION FOR AUTHORITY TO INCUR SECURED DEBT FOR THE PURPOSE OF MODIFYING THE TERMS OF AN EXISTING SECURED LOAN FOR REAL PROPERTY AND NOTICE OF OPPORTUNITY TO OBJECT

FYNDA FILLIE-FABOE (the "Debtor") by and through undersigned counsel, John D. Burns, Esquire, and The Burns Law Firm, LLC, seeks Court authority to incur secured debt for the purpose of modifying the terms of an existing secured loan for real property, and submits the following information regarding the modified loan:

1. The address of the real property is 18625 Hedgegrove, Olney, Maryland 20832.

2. The holder of the secured claim is U.S. Bank Trust N.A., as Trustee for LSF9 Master Participation Trust, with Caliber Home Loans, Inc., as servicer.

3. A copy of the loan modification is attached hereto as *Exhibit A*, and is made a part hereof.

4. The amount of the proposed modified secured claim is $449,322.54. This amount **does** include pre-petition arrears which were to be paid through the confirmed plan [Dkt. 47]. A modified plan, which was filed previously, is pending confirmation at this time. The proposed modified plan removes payment of the pre-petition arrears which are included for payment through the loan modification. The Debtor's counsel will take steps to retrieve any premature disbursements made to the claim holder in advance of the completion of this loan modification.

1

5. The monthly amount of the modified secured claim payment is $1,954.75. This amount **does** include real estate taxes and hazard insurance to be escrowed by the holder of the modified secured claim. The monthly escrow amount is $564.35. The current monthly secured claim payment is 1,390.40.

6. INTEREST TERMS: **Fixed rate loan** with an interest rate of $2.125% for a duration of 40 years.

7. The loan modification **does** affect the terms of the confirmed plan in the case. In March 2017, the Debtor filed a motion to modify the confirmed plan after she accepted a trial loan modification. After offer and acceptance of the permanent loan modification on or about August 4, 2017, Debtor filed a further modified plan to reflect the trial modification was now permanent. The Debtor hereby acknowledges that the terms of the confirmed plan remain in effect until such time as any plan modification is approved by the Court, and thus the most recently modified Plan [Dkt. 75] demonstrates that no trustee payments to the mortgage arrears shall occur because the modification obtained through the hard work of counsel covers those arrears, and any premature disbursements from Trustee shall be recovered by counsel for the Debtor.

8. The loan modification will not alter or affect the status or priority of any other existing lien(s) on the real property. However, the loan modification has now allowed for the pragmatic step of a ien avoidance as to the second Ocwen wholly unsecured lien, which lien avoidance has been completed by default Order and adversary proceeding.

9. The Debtor has objected to the proof of Caliber as moot and it should be stricken contemporaneous with this filing.

WHEREFORE, the Debtor submits that this loan modification is in the best interest of the Debtor and the creditors as it will increase the feasibility of the Chapter 13 plan because it eliminates a first priority secured claim with arrears that otherwise would require Debtor's payments be directed away from other allowed claims of record.

Date:  August 8, 2017                                                            /s/Fynda Fillie-Faboe__
                                                                                            Debtor – Fynda Fillie-Faboe

/s/ John D. Burns
Attorney for Debtor

## NOTICE OF OPPORTUNITY TO REQUEST A HEARING
## TO CREDITORS AND PARTIES IN INTEREST

You are notified of the filing of the foregoing Motion by the Debtor requesting Court authority to incur secured debt for the purpose of modifying the terms of an existing secured loan for real property. Any interested party objecting to the loan modification must file an objection with the United States Bankruptcy Court for the District of Maryland within twenty-one (21) days after the date of this motion. You are further notified that unless an objection is filed, the Court may grant the motion without a hearing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of August, 2017, a copy of the foregoing Motion for approval of loan modification with proposed form of Order, was served upon:

**VIA ECF:**
Timothy P. Branigan, Chapter 13
14502 Greenview Drive, #506
Laurel, MD 20708\

Scott E. Nadel, Esq.
4041 Powder Mill Rd., Suite 415
Calverton, MD  20705
Attorney for U.S. Bank/Caliber

**VIA FIRST CLASS MAIL, POSTAGE PRE-PAID:**
(Matrix of creditors)

                RESPECTFULLY SUBMITTED,

                ---------/S/ John D. Burns----------
                _____

                John D. Burns, Esquire (#22777)
                The Burns Law Firm, LLC
                6303 Ivy Lane; Suite 102
                Greenbelt, Maryland  20770
                info@burnsbankruptcyfirm.com
                (301) 441-8780
                Counsel for Debtor

This document was prepared by: Caliber Home Loans Inc.

## LOAN MODIFICATION AGREEMENT - FIXED WITH TERM EXTENSION

**To the Borrower:** This Agreement contains changes in terms which affect your Loan secured by the Property identified below. This is a legal obligation and you should read and understand the terms of this Agreement before you sign it.

This Agreement (the "Agreement") is dated as of July 11, 2017, but effective as of the Modification Effective Date defined herein, by and between **FYNDA FILLIE FABOE** (collectively, the "Borrower" or "you") and Caliber Home Loans, Inc. (the "Servicer"), on behalf of the current owner of your loan (the "Lender").

**RECITALS:**

A. Borrower has a mortgage loan, account number 9803848580 (the "Loan"). This loan is secured by property commonly referred to as 18625 HEDGEGROVE, OLNEY, MD 20832 (the "Property").

B. Borrower signed the following documents in connection with the Loan:

- Note dated August 24, 2006 in the original amount of $415,920.00 (the "Note").

- Mortgage, Security Deed, or Deed of Trust on the Property, recorded in real property records of Montgomery County, MD (the "Security Instrument"), with an original stated maturity date of December 1, 2049.

- The Note and the Security Instrument, together with all documents executed in relation to the Note and the Security Instrument, and in addition to any loan modification previously entered into by Borrower, are called the "Loan Documents".

C. Borrower has provided information to Servicer, and Borrower and Servicer want to modify the terms of the Note and Security Instrument.

In consideration of the foregoing Recitals and the terms, conditions, representations and warranties, and mutual covenants and agreements herein, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower and Servicer (collectively, the "Parties"), mutually agree as follows:

1. **Conditions to Effectiveness of Agreement.**

   a. This Agreement will only be effective after Borrower signs and returns a signed original of this Agreement to Servicer on or before August 10, 2017.

   b. Lender will not be obligated or bound to make any modification of the Loan Documents if the Borrower fails to meet any one of the requirements under this Agreement.




2. **Modification of the Loan Documents**

If the conditions of this Agreement are satisfied, then your Loan is modified as follows:

<u>Modification Period</u>: This modification will take effect on August 1, 2017 (the "Modification Effective Date"). The first modified payment will be due on September 1, 2017 (the "First Modification Payment Date").

<u>Term Extension</u>: The term of the Note has been extended and the new maturity date of the Loan will be August 1, 2057.

<u>Modified Principal Balance</u>: On the Modification Effective Date, the unpaid principal balance payable under the Note is $449,322.54 (the "Unpaid Principal Balance").

<u>Deferred Amounts</u>: We have agreed to defer your obligation to pay the following amounts (the "Deferred Amounts"):

   Deferred Principal: $0.00

   Deferred Amounts Other Than Principal: $113,768.85

Deferred Amounts do not accrue interest. The Deferred Amounts will be due at the earlier of payment in full of the Note, or the Maturity Date. If you sell the Property or refinance the Loan, you will be required to pay this Deferred Amount in addition to any other amounts due at that time. Otherwise, these amounts are due on the Maturity Date and are required to be paid at or before that time. This means that if you make all the payments required by this Agreement, you will still owe the Deferred Amount to Servicer. The Deferred Amount may result in a significantly higher monthly payment on the Maturity Date.

<u>Modified Monthly Payment Amount</u>: You promise to make modified monthly payments in an amount set forth in the table below beginning on the First Modification Payment Date and ending on the Maturity Date.

The total modified monthly payment amount may include modified monthly principal and interest payments, any monthly escrow payments (to the extent Servicer will pay escrowed amounts), and monthly payments for Ancillary Amounts, as identified below.

<u>Modified Interest Rate</u>: Interest will be charged on the Unpaid Principal Balance at a rate of 2.125% (the "Modified Interest Rate") beginning on Modification Effective Date. You will make modified monthly principal and interest payments based on the Modified Interest Rate as applied to the Unpaid Principal Balance beginning on the First Modification Payment Date and ending on the Maturity Date.

<u>Summary of Modified Monthly Payments:</u>

| | |
|---|---|
| Unpaid Principal Balance: | $449,322.54 |
| Interest Rate: | 2.125% |
| Monthly Principal and Interest Payment: | $1,390.40 |
| Monthly Escrow Payment (Taxes and Insurance)*: | $564.35 |
| Total Modified Monthly Payment: | $1,954.75 |
| First Modification Payment Date: | September 1, 2017 |



Maturity Date: August 1, 2057

*Your Monthly Escrow Payment is an amount calculated in accordance with the Loan Documents, and Federal and State law. This amount may change from time to time if escrow items (taxes and insurance) increase or decrease.

3. **Events of Default.** A default under the terms of this Agreement constitutes a default under the terms of the Loan Documents. All the rights and remedies, stipulations, and conditions contained in the Loan Documents relating to default in the making of payments under the Loan Documents shall also apply to default in the making of the modified payments hereunder.

4. **Additional Covenants and Agreements.**

   The Parties further agree to and acknowledge each of the following:

   A. All persons who signed the Loan Documents must sign this Agreement in person or by an authorized representative, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) Servicer has waived this requirement in writing. Borrower, by signing this Agreement, will be presumed to have read this Agreement and understand the terms of this Agreement.

   B. Borrower certifies that all documents and information Borrower has provided to Servicer in connection with this Agreement are true and correct, and Borrower agrees to be bound by the representations in the Loss Mitigation Application.

   C. This Agreement supersedes the terms of any modification, forbearance, trial period plan or other workout plan that Borrower may have or have had in the past with Servicer or any prior servicer.

   D. Except as specifically modified by this Agreement, the terms of the Loan Documents remain in full force and effect and are duly valid, binding agreements, enforceable in accordance with their terms. This Agreement does not replace or release any terms in the Loan Documents, except as specifically modified by this Agreement. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents.

   E. Borrower may not assign and no person may assume Borrower's rights under this Agreement or the Loan Documents without the prior written consent of the Servicer.

   F. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

LOAN MODIFICATION AGREEMENT - FIXED WITH TERM EXTENSION
2017071117.1.0.4362-J20150825Y

8003848880
Revised 08/15
Page 3 of 5



G. If Servicer makes advances for payment of taxes or insurance, accrues interest, or posts late or other fees or expenses to the Loan, each of which is permissible under the Loan Documents to add to amounts outstanding under the Note, between the date Servicer generates this Agreement and the date this Agreement is processed, then these amounts will either become Deferred Amounts under the Loan Documents, or will be offset with a portion of Good Faith funds, if applicable. Any addition of Deferred Amounts or offset of advances pursuant to this section will be reflected on Borrower's periodic statement.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

H. Borrower will execute such other documents or papers as may be reasonably necessary or required to either (i) consummate the terms and conditions of this Agreement, or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. Borrower understands that either a corrected Agreement or a letter agreement containing the correction will be provided to Borrower for Borrower's signature. At the option of the Lender, if Borrower elects not to sign any such corrective documentation, the terms of the operative Loan Documents will continue in full force and effect, and such terms will not be modified by this Agreement.

I. This Agreement constitutes notice that any waiver by Servicer as to payment of taxes, insurance and other escrow items has been revoked. Borrower agrees and understands that Borrower will be required to pay certain escrow amounts as required by Servicer in accordance with applicable Federal and state law.

5. **No Waiver.**

Except as specifically provided herein, the Security Instrument shall remain unaltered and in full force and effect and is hereby ratified and confirmed by the Parties hereto. This Agreement shall not constitute a novation of the Security Instrument. The execution, delivery and effectiveness of this Agreement shall not, except as expressly provided herein, operate as a waiver of any right, power or remedy of any party under the Security Instrument.

To the extent Servicer may deem it necessary, Borrower will cooperate with Servicer to the extent any filing or action is required in Borrower's Bankruptcy Case in order to (a) obtain approval of this agreement (b) modify Borrower's bankruptcy plan (if Borrower is in a Chapter 13 bankruptcy) or (c) amend the proof of claim filed by Servicer with respect to this debt. If you are presently subject to a proceeding in Bankruptcy Court, the terms of this Agreement may need to be approved by the Court.

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a

LOAN MODIFICATION AGREEMENT - FIXED WITH TERM EXTENSION
2017071117.1.0.4352-J20150825Y

9803648580
Revised 08/15
Page 4 of 6




Federal Bankruptcy Court, this communication is not an attempt to collect debt but is sent for informational purposes only.

### BALLOON PAYMENT DISCLOSURE

This Modification Agreement defers certain amounts, which creates a balloon that will be collected by the Servicer at the earlier of payment in full of the Note or the maturity date. Because these amounts are not included in your regular scheduled payments, even if you make all payments required by this agreement, the loan will not be paid in full at maturity. You therefore may be required to pay the entire outstanding balance in a single payment at the loan maturity date. Neither the Servicer nor Lender has any obligation to refinance or to offer you a new loan at maturity. You may have to seek new third-party financing and incur other additional financing costs at the time the balloon becomes due.

Whereof, Servicer and Borrower have executed this Modification Agreement as of the dates indicated below

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement:

Borrower

*/s/ Fynda Fillie Faboe*  8/4/17

FYNDA FILLIE FABOE   Date

Lender

Caliber Home Loans, Inc.

_____   Date

Account Number: 9803848580

LOAN MODIFICATION AGREEMENT - FIXED WITH TERM EXTENSION
2017071117.1.0.4352-J20150825Y

9803848580
Revised 08/15
Page 5 of 5



*By ECF Notification Upon:*

- Timothy P. Branigan     cmecf@chapter13maryland.com
- John Douglas Burns     info@burnsbankruptcyfirm.com, G23729@notify.cincompass.com;burnslaw3@gmail.com;burnslaw6@gmail.com
- Scott Elliot Nadel     scottnadel@lojnlaw.com, jeff@lojnlaw.com

*By First Class Postage Pre-Paid Mail Upon:*

6-16170|Capital One Auto Finance |a division of Capital One, NA|P.O. Box 201347|Arlington, TX 76006-1347|||

16-16170|U.S. Bank N.A. Trust, N.A., as Trustee for L|c/o Law Offices of Jeffrey Nadel|4041 Powder Mill Road|Suite 415|Calverton, MD 20705-3109||

16-16170|U.S. Bank Trust, N.A., as Trustee for LSF9 M|c/o The Law office of Jeffrey Nadel|4041 Powder Mill Road|Suite 415|Calverton, MD 20705-3109||

16-16170|Apartment Services, Inc. |MD Apartment Services, Inc.|216 Schilling Cir Ste 215|Hunt Valley, MD  21031-8629| ||

16-16170|Ashley Funding Services, LLC |c/o Resurgent Capital Services|Po Box 10587|Greenville, SC 29603-0587| ||

16-16170|Caliber Home Loans |PO Box 24610|Oklahoma City, OK|73124-0610| ||

16-16170|Caliber Home Mortgage |PO Box 24610|Oklahoma City, OK  73124-0610| |||

16-16170|Capital One |P.O. Box 85057|Richmond, VA 23285-5057| |||

16-16170|Capital One Auto Finance |c/o Ascension Capital Group|P.O. Box 201347|Arlington, TX 76006-1347| ||

16-16170|Capitol One, N.A. |PO Box 30273|Salt Lake City, UT|84130-0273| ||

16-16170|Comptroller of Maryland |110 Carroll St|Annapolis, MD  21411-1000| |||

16-16170|Comptroller of the Treasury |Compliance Division, Room 409|301 W. Preston Street|Baltimore, MD 21201-2305| ||

16-16170|DLLR |500 N Calvert St|Baltimore, MD 21202-3659| |||

16-16170|Erin Shaffer |McCabe, Weisberg and Conway, LLC|312 Marshall Ave Ste 800|Laurel, MD  20707-4808| ||

16-16170|IRS |Internal Revenue Service|PO Box 37008|Hartford, CT 06176-7008| ||

16-16170|Internal Revenue Service |PO Box 7346|Philadelphia, PA  19101-7346| |||

16-16170|Laura O'Sullivan |312 Marshall Ave Ste 800|Laurel, MD  20707-4808| |||

16-16170|Loretta Lynch |US Department of Justice|950 Pennsylvania Ave NW|Washington, DC 20530-0009| ||

16-16170|McCabe, Weisberg & Conway, LLC |312 Marshall Ave Ste 800|Laurel, MD  20707-4808| |||

16-16170|Montgomery County Finance Department |101 Monroe St # 15|Rockville, MD  20850-2503| |||

16-16170|Ocwen Loan Servicing |PO Box 24737|West Palm Beach, FL|33416-4737| ||

16-16170|Samuel Blibaum |40 York Rd Ste 300|Towson, MD  21204-5266| |||

16-16170|State of Maryland DLLR |Division of Unemployment Insurance|1100 N. Eutaw Street, Room 401|Baltimore, MD 21201-2225| ||

16-16170|Taxing Authority of Montgomery County |Division of Treasury|255 Rockville Pike, Ste.  L-15|Rockville, MD 20850-4188| ||

16-16170|U.S. Bank N.A. Trust, N.A., as Trustee for L|13801 Wireless Way|Oklahoma City, OK 73134-2500| |||